H. W. GUION and wife v. JAMES MELVIN et al.

The appointment of a trustee by a Judge of Probate, in cases where the former trustee has died, removed from the county, or become incompetent, cannot be done on an *ex parte* motion or petition. The application for such appointment is in the nature of a civil action, and all persons interested must be made parties, and have full time and opportunity to set up their respective claims.

A summons served on a defendant, commanding him to answer on a day certain, which day is less than twenty days from the time of service, is not necessarily on that account void, and the Probate Judge is not bound to dismiss it. He should have allowed the defendants the time allowed by the Code for an appearance.

· CIVIL ACTION, (entitled in the record, a special proceeding,) determined by *Russell, J.*, at the Fall Term, 1872, of BLADEN Superior Court.

The plaintiffs issued their summons against the defendants, dated the 20th day of April, 1872, commanding them to

appear before the Judge of Probate on the 13th of May, 1872, and answer the complaint, &c. The summons was served on the 1st day of May, 1872.

In their complaint, filed before the Judge of Probate, the plaintiffs alleged that in 1857 the defendant, Melvin, made a deed of trust to Thos. J. Purdie, his heirs, executors and administrators for the benefit of certain creditors, among whom was the wife of the plaintiff. That the trustee was killed in 1863, after executing the trust in part, and leaving the defendant, J. W. Purdie, his administrator, and with Eliza, another defendant, his only heirs at law. That the debt due to the plaintiff's wife has never been paid, and that the defendants, though often requested, refused to sell the property conveyed and pay the debt. Plaintiffs pray that a trustee may be appointed by the Judge of Probate, who shall execute the trust, &c.

The defendants appeared before the Judge of Probate and objected that the summons was irregular, because it commanded the sheriff to summons the defendants to answer the complaint on a day certain.

That twenty-one days had not elapsed from the time when the summons was *served* on the defendants before the day set for its return.

That under the Code of Civil Procedure the defendants are entitled to twenty days, to which one day is to be added for every twenty-five miles traveled in which to answer the complaint, and the defendants cannot be required to answer in a less time. The defendants therefore moved to dismiss the proceedings.

The plaintiffs contended that if the day set for the return was twenty-one days from the day of issue of the summons that it was a compliance with the law.

The Court being of opinion that the defendants could not be required to answer the complaint in a shorter time than twenty-one days, counting from the service of the summons,

allowed the motion, and dismissed the proceedings. From this judgment the plaintiff appealed.

His Honor, Judge RUSSELL, upon consideration, was of the opinion that both plaintiffs and defendants had mistaken the nature of the jurisdiction conferred by the Act of 1871 upon the Judge of Probate, in the matter of appointing trustees. It is neither a special proceeding nor a civil action, nor in fact, any action. By the Act Probate Judges are simply authorized and empowered to appoint trustees when the trustees are dead, or out of the State or incompetent to act. This is a mere authority and duty put upon the Probate Judge so as to prevent trustees from being defeated—something in the nature of a police regulation—of the same kind of jurisdiction as the appointment of magistrates, administrators, guardians, &c.

The proper proceeding is by mere motion or petition before the Probate Court, and is to be heard *ex parte.* The appointment is a matter exclusively for the discretion of the Probate Judge.

The Probate Court will proceed to act upon the application of the plaintiffs, and the costs of the unnecessary summons will be taxed against the plaintiffs.

From this judgment the defendants appealed.

No counsel for appellants in this Court.

*Battle & Son* and *Sutton,* contra.

RODMAN, J. On the 20th of April, 1872, plaintiff issued a summons requiring defendants to appear before the clerk of the Superior Court of Bladen on the 13th of May, 1872, to answer, &c. The summons was executed by the sheriff of Bladen on 1st May, 1872, so that the return day fell within less than twenty days after the service.

The complaint stated that defendant, Melvin, in 1857 executed a deed to Thomas J. Purdie for land and personal

property in trust to secure sundry debts, and among others one to plaintiffs. In 1863, Thomas J. Purdie died; the other defendants, (besides Melvin) [are his administrators and his heirs at law, who refuse to execute the trust. It prayed for their removal and the appointment of another trustee.

The defendants appeared and moved to dismiss the summons, because it was made returnable within less than twenty days after service. The Probate Judge allowed the motion, and plaintiff appealed to the Judge of the Superior Court. The Judge held that a proceeding to procure the removal of one trustee, or of one body of trustees, and the substitution of another, was neither an action or a special proceeding, but a motion which required no service of any summons and no notice, and the order might be made by the Probate Judge *ex parte*, and he remanded the case to the Probate Judge with directions to make the order desired.

We cannot agree with the District Judge that the removal of one trustee and the substitution of another is a thing which can be done on an *ex parte* motion. Before the Constitution of 1868, it could only be done on a bill in equity, to which the trustee and all the *cestui que trusts* were necessary parties. It is a proceeding in which each of them may have an important interest. It may be that the trustee has made advances or incurred liabilities on the faith of the trust property, or is entitled to compensation for his services as trustee. And it may be that some or most of the *cestui que trusts*, desire him to continue to act as a trustee for their interests. Important questions of title to property may be involved; it cannot be maintained that such rights can be determined on an *ex parte* application by one or several only of the *cestui que trusts*. Those who were not parties to the proceeding for the removal of the trustee, clearly could not be bound by it, and any order so made would be a source of litigation and confusion. These views are general. It

may very well be that the present is a perfectly proper case for a substitution of a trustee, that the trustees have no claims, and that no injury would result from summary and *ex parte* action. But the rules of law are necessarily of general and even of universal application. The law is no respecter of persons; both sides must be heard. If in the present case one of many *cestui que trusts* can upon an *ex parte* application remove a trustee whom all the parties have chosen to execute the trust, can take from him the possession of the property and transfer it to the mover's nominee, without giving the trustee or the other parties interested any opportunity to be heard, it must follow that one of several *cestui que trusts* may do so in every case, and the consequences are too obvious to need mention.

After the Constitution of 1868, and before the Act of 1869–'70, chap. 188, jurisdiction in such a case was exclusively in the Superior Court, and it still remains there, except in the cases to which the Act is applicable. The proceeding to obtain the relief would have been called a civil action, and governed by all the rules as respects parties and procedure applicable to such actions. All persons interested must have been parties, with full time and opportunitw to set up their respective claims.

That Act says " that where any trustee of a deed in trust has died, removed from the county where the deed was executed and the State, or in any way become incompetent to execute the said trust, that the Judge of Probate of the county wherein the said deed of trust was executed, be authorized and empowered to appoint some discreet and competent person to act as trustee," &c.

The Legislature had the right, under the Constitution, to confer this jurisdiction on the Probate Judge. Art. IV, sec. 17. But it would be unjust to the Legislature to suppose that it intended to confer so important a jurisdiction on a Probate Judge, free from the ordinary securities for just

decision, which were imposed on the Superior Courts, and which, except in exceptional cases, are ever held sacred.

It is immaterial whether the procedure in such cases may with the stricter accuracy be called a civil action or a special proceeding, probably it would most accurately be the former. But a name is merely a short way of expressing more or less precisely the idea of a thing, instead of describing it by an enumeration of its qualities. In this case all the qualities of the procedure are known from the statutes respecting it, and if we call it by the one name or the other, it is only for convenience and brevity, and not to alter or change its qualities in any respect.

Independent of the Act of 22d March, 1869, (Acts of 1868–'69, chap. 76, p. 179,) and of the subsequent acts continuing that Act in force, there is no difference in the procedure in civil actions, and special proceedings *inter partes,* except of course in a few cases where peculiar proceedings may be prescribed. This Act is confined to actions of which the Judge of the Superior Court exclusively has jurisdiction. It does not apply to any proceedings before the clerk as Probate Judge. The procedure before him remains (at least generally) as it was before that Act, and is regulated by chap. 93, Acts 1868–'69, (ratified the 27th March, 1869,) sec. 4 enacts that such actions shall be begun as is prescribed for civil actions in the Superior Courts, and section 6 enacts that the proceedings shall be as is prescribed for civil actions by C. C. P.

This reasoning shows, we think, that the Judge erred in remanding the case to the Probate Judge with instructions to proceed in it without making all the persons interested parties, and without notice to them or any of them, and *ex parte.*

We will now proceed to consider what directions the Judge should have given upon remanding the case :

1. *As to the duty of the Probate Judge upon the return of the*

*summons executed less than twenty days before the return day.* C. C. P., sec. 73, says : " It (the summons) shall command the officer to summon the defendant to appear, &c., within a certain number of days after the service exclusive of the day of service to answer," &c. Sec. 74, clause 3. The number of days shall in no case be less than twenty, &c.

In the present case the plaintiff made the summons returnable on a day certain, and not on a certain day after service. We do not say that this deviation from the statute form is such an irregularity as will make the summons void, although it is always best and safest to follow the form prescribed by the Code. But clearly the defendant cannot be abridged of any right by such an irregularity ; he is not obliged to appear until the twentieth day after service, exclusive of the day of service, and any proceeding had before that day is null and void. We think the Probate Judge was not bound to dismiss the proceeding for the irregularity, but that he should have allowed the defendants the time allowed by the Code for an appearance. As that time has long since expired, when the case is remanded to him it will be his duty to allow them a reasonable time (which will be generally twenty days,) after notice of the remanding within which to appear and answer. He will then proceed as required by law.

2. *As to the parties.* Of course no one can suppose that by the death of a trustee there ceases to be a trustee. The real property descends to his heirs, and the personalty goes to his administrator, clothed with trusts. The plaintiff properly made the heirs and administrator parties defendant. The other *cestui que trusts* who have an interest in the question ought either to be made parties, or the summons should be on behalf of the plaintiff and all others in like situation who choose to come in, and they should receive pendency of the action. The plaintiff of course will be allowed to amend in these respects.

PER CURIAM.   Judgment reversed, and the case is re-manded to the Superior Court to be proceeded in in con-formity to this opinion.   Inasmuch as the plaintiff, by making the summons returnable on a day certain, which as it turned out, was less than twenty days after service, gave occasion to the error of the defendants in moving to dis-miss, instead of moving (if they chose to move when there was no necessity for motion) for time to appear on the proper return day, viz : the twentieth day after service, we consider that both parties erred, consequently each must pay his own costs in this Court.