ROBERT J. GILL, Adm'r, and others v. D. E. YOUNG and others..

*Parties—Practice.* ·

The personal representative of A (deceased) should be a party to an action brought against B to declare a trust and for other relief, when the complaint alleged among other things that A and B were co-sureties. on a note due the plaintiff's intestate, and that B had induced him to surrender the note for a tract of land of less value than the amount of: the note, by false representations as to the insolvency of A's estate and himself and by fraudulently concealing the fact that a certain deed.

absolute on its face from C (the principal obligor on the note) to B conveying valuable real estate was in reality a trust to secure him on account of his suretyship, and that B had afterwards collected a sum of money from A's estate which was in fact solvent.

CIVIL ACTION tried on complaint and demurrer at Fall Term, 1879, of GRANVILLE Superior Court, before *McKoy, J.*

The plaintiffs are Robert J. Gill, (administrator of Robert Gill, deceased,) and Robert Gill, M. Fuller (by her next friend Robert J. Gill) and W. M. Hight. The defendants are D. E. Young, Isaac J. Young and W. H. Hughes.

Robert Gill departed this life in 1873, leaving Robert J. Gill, (who became his administrator) and M. Fuller his next of kin and heir at law.

The intestate in his life time had a large debt on W. H. Hughes and T. C. Hughes as principals, and D. E. Young, one Merriman and A. H. Alley as sureties, and the balance due thereon on the 14th of September, 1860, was thirteen hundred and fifty-nine dollars and seventy-three cents. He also had several notes on D. E. Young alone, making an aggregate of seventeen hundred and thirty-two dollars, all due before the war, and on the 22nd of September, 1863, said Young assigned a note for the last sum on one Downing to the intestate, in lieu of his own note; and in 1865 or 1866 he took up the note so assigned and transferred to the intestate several other notes in place thereof, all of which turned out to be insolvent and uncollectible. W. H. Hughes also owed W. M. Hight nine hundred dollars before the war by a bond with D. E. Young surety thereto. The complaint alleges that W. H. Hughes on the 3rd of June, 1866, conveyed a store house and lot in the town of Henderson worth four thousand dollars, to D. E. Young and his co-defendant, I. J. Young, by a deed absolute on its face, but avers the same to have been executed in trust to indemnify and secure D. E. Young as surety to the notes of W. H. and

T. C. Hughes and others, due to the intestate, and the one to W. M. Hight; and also to save harmless both D. E. Young and I. J. Young from all loss as sureties to said Hughes on his note to the bank of Cape Fear for twenty thousand dollars solvable in confederate money.

It is alleged that W. H. and and T. C. Hughes and Merriman became insolvent and have ever been so since, and that Alley died in the lifetime of the intestate of the plaintiff, and that in this position of things D. E. Young conveyed away the bulk of his estate on voluntary consideration to his sons I. J. Young and R. E. Young, conveying the store house and lot to I. J. Young who conveyed it back to him after an arrangement was affected with the plaintiff's intestate and Hight.

The plaintiffs represent that D. E. Young having conveyed most of his property to his children, sought to take up his debts to Robert Gill and Hight, and in furtherance of his scheme fraudulently represented himself and the estate of Alley, from which sources alone any payment could be expected, to be insolvent, well knowing at the time that Alley's estate was not so, and that he himself was not insolvent, except by his voluntary deeds to his children; and fraudulently concealed the fact that the store house had been conveyed on a trust for the ratable payment of the debts due to the intestate and to Hight.

That under the influence of those fraudulent representations and concealment, they were led to surrender their notes, the intestate Robert Gill his notes, amounting with interest, to a large sum, for a tract of land conveyed to him not worth more than nine hundred dollars, and the said Hight his note for a lot conveyed to him not worth more than two hundred and fifty dollars. That soon after getting up his notes as aforesaid, the said D. E. Young collected seven hundred dollars from the estate of Alley, which was in fact solvent, but had been represented by him as insol-

vent, and had I. J. Young to re-convey to him the store-house and lot.

The prayer is for relief to the intestate's estate and to Hight, on the footing of their claims as they were before the surrender of the notes, by having the store house and lot sold and the proceeds ratably applied to each one's debt, and for separate relief to Robert Gill's estate by a decree for the money received by Young from Alley's estate, both of them offering to place D. E. Young in his former position by re-conveying to him the lands they got from him, or accounting for the value thereof under the orders of the court.

To the complaint the defendants demur and assign for cause thereof, that the plaintiffs have failed to make the personal representative of A. H. Alley a party to the cause, who is resident within the jurisdiction of the court, and is a necessary party to the complete determination of the action, and from the judgment of His Honor overruling the demurrer the appeal is taken.

*Messrs. Merrimon, Fuller & Fuller,* for plaintiffs.
*Messrs. W. H. Young* and *Gilliam & Gatling,* for defendants.

DILLARD, J., after stating the facts as above. It is prescribed in the code of civil procedure that any person may be made a party defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein; and of the parties to actions, those who are united in interest must be joined as plaintiffs or defendants. C. C. P., §§ 61, 62. This is substantially the same as the rule in equity. In equity the nature or kind of interest, which makes it necessary that a person should be a party, is such an interest as may be affected by

the proposed decree, or a liability to exonerate the defendant, or contribute with him to the plaintiff's demand. Adams Eq., 312, 314.

In this case the plaintiffs allege that the storehouse and lot were conveyed by W. H. Hughes to D. E. Young and I. J. Young by a deed absolute on its face, but in fact, on the trust to indemnify and save harmless the said D. E. Young as surety to his debt to Robert Gill and to the debt due to Hight, and to indemnify and save harmless both D. E. Young and I. J. Young as sureties for him on a debt to the bank of Cape Fear; and they seek to have the trust declared, and a sale and the application of the proceeds ratably on their debts, first giving a credit for the two parcels of land conveyed to them respectively under the orders of the court; and in the case of the debt of W. H. and T. C. Hughes to Robert Gill, giving a further credit for the seven hundred dollars received by D. E. Young from Alley's estate, if the court shall decree it to be paid to Robert Gill's administrator.

Now in view of these purposes and objects of the action it seems to us that the estate of Alley had an interest making it necessary that the administrator should be joined as a party.

1. If the plaintiffs shall be able to have the relief they ask, about which we do not express any opinion, then and in that case the estate of Alley will be interested to have the tract of land conveyed to Robert Gill at the time the notes were surrendered, applied wholly to the Hughes' debt to which Young was surety; and if not, then ratably to that and to Young's individual debt, so as to make the burden to be borne by the proceeds of the storehouse and lot as small as possible; and in reference to Hight, there will be a similar interest to have a proper application of the land conveyed to him, with a view in both these respects to the exoneration of the estate of Alley.

2. If by reason of the alleged fraud and concealment of D. E. Young, the property is all sold and applied and there should be a balance still due and unpaid of the Hughes debt, to which Alley was a co-surety, and the administrator should ask a judgment for such balance, as being a relief within the facts alleged in his complaint, although not specially prayed for, then it would be of interest to the estate of Alley to be represented both as to the rendition of the judgment and the amount thereof.

3. If on the final decree the seven hundred dollars paid to D. E. Young or some part thereof should not be needed in order to equalize the burden between the co-sureties, Alley's estate should be represented to receive it, or if needed, and still there existed an unpaid balance of the debt, the estate being liable to contribute to its payment with D. E. Young, it should be a party for that purpose.

We hold therefore that the personal representative of A. H. Alley was a necessary party to a complete determination and settlement of the question involved in the action, and that the demurrer for his non joinder ought to have been sustained.

The judgment of the court below overruling the demurrer is reversed, and this will be certified to the end that the administrator of Alley be made a party to the cause, and that the parties may file answers and proceed to a trial on the merits of the case.

Error.                                    Reversed.