State *ex: rel.*, &c., W. L. HOOVER, wife and others v. W. E. BERRYHILL and others.

*Suit on Administration Bond—Jurisdiction—Demand—Parties:*

1. In an action on the bond of an administrator, several breaches may be joined even though they relate to several persons, provided they are all covered by the bond. In such case the superior court has jurisdiction to establish the amount of the debt claimed, and no demand is necessary before suit brought.

2. The similarity between rules of equity courts and those established by the code in determining the proper parties to actions and special proceedings for accounts, discussed by RUFFIN, J.

HOOVER *v.* BERRYHILL.

*(Heilig* v. *Foard,* 64 N. C., 710; *Vaug'in* v. *Stephenson,* 69 N. C., 212; *Green* v. *Green, 1b.,.294; *Burns* v. *Ashworth,* 72 N. C. 496; *State v. McKay,* 6 Ired., 307, cited and approved.)

CIVIL ACTION in the name of the State *ex rel.,* upon the bond of an administrator, tried at Fall Term, 1880, of MECKLENBURG Superior Court, before *Seymour, J.*

The plaintiffs allege in their complaint that Joseph C. Nicholson died intestate in 1872, leaving as his next of kin five children, amongst whom were the two female plaintiffs.; and that in the same year administration on his estate was granted to J. B. Nicholson, who executed a bond with Samuel Berryhill and the defendant Herron as his sureties. That in 1879, the plaintiffs filed their petition in the probate court of their county against said administrator, asking for a settlement of the estate, and in pursuance thereof, an account was taken, and it was ascertained that the said administrator was due the estate of his intestate the sum of $475.45, and a decree was entered against him in favor of each of the said female plaintiffs for the sum of $95.09, that being one-fifth of the whole sum.

That the surety, Samuel Berryhill, died in 1878, intestate, and the defendants, W. B. Berryhill and C. B. Todd, are his administrators. That the administrator, Nicholson, has committed breaches of his bond by not paying the amounts due the plaintiffs according to the decree of the probate judge, and hence this action on the bond, in which they seek to recover those amounts.

The defendants demur to the complaint, assigning four grounds therefor.:

1. The defect of parties, in that the other three children of the intestate, Joseph C. Nicholson, were not joined in the action.

2. A misjoinder of parties, in that the two decrees ren-

dered by the probate court in favor of the plaintiffs, being several in their nature, could not be joined in one action.

3. That no demand was made upon the defendants before action was brought.

4. That the superior court had no jurisdiction of the subject matter of the action.

The judge below overruled the demurrer, and the defendants appealed.

*Messrs. Jones & Johnston*, for plaintiffs.
*Messrs. Wilson & Son* and *Bynum & Grier*, for defendants.

RUFFIN, J. As the question of jurisdiction goes to the root of the matter, we will consider of it first.

The act of 1868–'69, Bat. Rev., ch. 45, § 133, provides that the creditor of the decedent may bring an action against his executor or administrator, on a demand at any time after it is due, but no execution shall issue without leave of court, and upon proof that the executor or administrator has failed to pay the creditor his ratable part of the assets. In construing this act, it was decided at a very early day after its enactment, that any court having jurisdiction of the amount sued for, could entertain the suit of the creditor so far as to establish his claim and give him judgment therefor. *Heilig* v. *Foard*, 64 N. C., 710; *Vaughn* v. *Stephenson*, 69 N. C., 212. This settles the question of jurisdiction.

As to the absence of a demand upon the defendant administrator before suit, we know of no law requiring it to be made. It is true, that a party suing before making such a demand does so at his own expense; for the law is peremptory that no executor or administrator who does not delay or neglect payment unreasonably, shall pay costs in any action, and no delay could be deemed unreasonable until there was a demand upon him.

This brings us to the question of the defect and the misjoinder of the parties plaintiff.

When the constitution of 1868 was adopted, whereby all the distinctions between actions at law and suits in equity, and the forms of all such actions and suits, were abolished, it became to be a matter of imperative necessity that there should be new rules provided for our courts in regard to the parties to the actions to be thereafter instituted. It was open to the law-making power of the state to have retained either the technical common law rules, or those that had been adopted by the chancery courts, and which were regarded as being more liberal; but as the two were inconsistent, and in many particulars contradictory, they could not co-exist in the same court, and be administered at the same time. Accordingly the provisions of the code were adopted, which, with a few modifications, are the same with the rules that had prevailed in the courts of equity; so that those old equity rules are our best guides in determining the proper parties to actions brought under the code; and this court very early manifested a purpose to adopt them as such.

In looking into the authors who have treated of equity pleadings, it will be discovered that courts of chancery had but few, and those very simple, rules for determining the proper parties to a suit; and that a leading one was that every person who had an interest in the subject matter of the suit should be a party thereto; and this, with the twofold idea of making it safe to the defendant to perform the decree, and of avoiding unnecessary litigation. And especially was this principle adhered to and rigidly enforced whenever the object of the suit was to obtain an account from the defendant. In every suit, the object of which was to assert the right to have an account on the part of the plaintiff, as belonging to a class of persons, all the individuals who compose the class must be parties and before the

court; and the case of a suit by the next of kin or distributees against the personal representative of an estate for an account, is always cited in the books as an illustration of the rule, it being universally held that they must all in one capacity or another be parties to the action.

But this rule did not obtain unless all the persons were concurrently interested, not equally, for it may have been partially, in the fund of which the account was sought. So that, if some of the individuals who originally had interests had been accounted with, they need not be made parties to a suit brought by the others. Or again, where the shares of the different parties had been kept separate and distinct, so that no one was interested in that of the other, although all due from the same party and in the same way, they need not all join. Or, still again, where several persons were each entitled to certain *fixed* portions of an ascertained sum in the hands of a trustee, each might have sued for his own share, without joining those who had similar interests.

This distinction Pomeroy in his Treatise on Remedies in section 259, says is important, and thus proceeds to state it more fully: "If a trustee holds a fund which he is bound to distribute to different beneficiaries in unequal proportions, and the proportionate share of each has not been ascertained, all the persons interested in the distribution are necessary parties to an action brought to enforce the trust; but when the proportionate share of each has been definitely ascertained by a proceeding binding on the trustee, each is entitled to demand payment of the share belonging to himself, and if not paid, to maintain a separate action for it." To the same effect is Story's Equity Pleading, §§ 207, 212; and 1 Daniel's Chancery Practice, 265. In the light of these authorities, this court does not think there is any defect of parties in the case before us.

When sued for an account before the probate judge, as the case states he was, a demurrer, similar to the one here

relied on, would have been sustained, provided the parties plaintiff in that proceeding were the same as in this action; but failing to interpose the objection there, and allowing that court to proceed to judgment against him, so as to have " the proportionate share of each definitely ascertained," he placed it in the power of each to sue him; for the interests of the several persons composing the. class of distributees were no longer concurrent.

Nor do we think the demurrer can be sustained upon the ground of misjoinder of the parties. Indeed, there is no such thing as a demurrer for a misjoinder as there is for a defect of parties allowed by the code; C. C. P., § 95, and the cases of *Green* v. *Green,* 69 N. C., 294; *Burns* v. *Ashworth,* 72 N. C., 496; such misjoinder of unnecesssary parties being treated as surplusage. But we presume the draftsman intended to demur upon the ground that several causes of action have been improperly united, and as we wish to try causes upon their merits and not upon mere technicalities, we shall consider it in that light.

We presume that it will hardly be maintained that the effect of the code, with its freer and more elastic provisions has been to *prevent* the union of parties plaintiff, when the same was permitted by the common law. The right to join, under the old system, has not been repealed or restricted, but enlarged and extended under the new; so that if the action which we are now considering could have been maintained at common law in the names of the two plaintiffs, and their union would not have furnished good ground for a demurrer, it must be safe to say that it can be under the code, which detracts nothing from, but adds to, the privileges allowed under the former.

In the *State* v. *McKay,* 6 Ired., 397, which was a suit brought by several distributees on the bond of the administrator, and the point was made for the defendants, that, as the rights of the plaintiffs were separate, they must sue sep-

arately, and that two persons could not unite as relators, unless they were jointly interested in all the damages that could be assessed under the declaration, the court held that the bond taken by the state was a single security for the performance of each and every duty imposed upon the administrator, and that the right to sue and recover on it must be co-extensive with the security, and that therefore it was competent to assign just so many breaches of the bond as the parties saw fit, whether one or more, and whether for a failure of duty to one or to several persons.

We therefore see no error in the ruling of the judge below.
No error.                                                Affirmed.