T. E. BARRETT v. J. L. BROWN, Trustee.

*Parties—Trusts and Trustees.*

In a suit to enforce a trust, the trustees and *cestuis que trust* are all necessary parties, except where the trustee has assets sufficient to satisfy all the creditors in full and has paid all but the plaintiff, for in such case the plaintiff would have a right of action against him for money had and received.

(*Gill* v. *Young*, 82 N. C., 273 ; *Oates* v. *Lilly*, 84 N. C., 643 ; *Wordsworth* v. *Davis*, 75 N. C., 159; *Hoover* v. *Berryhill*, 84 N. C., 132, cited and approved.)

CIVIL ACTION tried at Spring Term, 1881, of MECKLEN-BURG Superior Court, before *Eure, J.*

This case was tried upon demurrer to the complaint.

The plaintiff alleges that she is a creditor, for goods sold and delivered in 1874, of McMurray and Davis, who failing in their business as merchants, in 1875, executed a deed in trust, whereby they conveyed all their effects to the defendant in trust, to sell and apply the proceeds in payment of their debts, which trust the defendant accepted and has partially executed ; that he has paid to the other creditors forty-five per cent. of their demands, and has on hand assets suf-

ficient to pay a like rate upon the plaintiff's claim, but refuses so to do, though the same has been demanded of him.

The prayer is that he be required to exhibit said deed in trust in court, that the same may be inquired of, and that plaintiff have judgment for a *pro rata* share of her claim, in the proportion which the whole amount of the assets bears to the whole indebtedness.

The defendant assigns as grounds of his demurrer:

1. The failure of the plaintiff to make the said McMurray & Davis parties to the action.

2. Her failure to make their other creditors parties.

From a judgment, sustaining the demurrer, the plaintiff appealed.

*Mr. W. W. Flemming*, for plaintiff.
*Messrs. Wilson & Son*, for defendant.

RUFFIN, J. As stated in Story's Eq. Plead., § 207, the general rule is that in suits respecting the administration of trusts, the trustees and *cestuis que trust* are all necessary parties—the former as having the legal estate, and the latter as having the equitable and ultimate interest to be affected by the decree.

In support of the proposition the author refers, in a note to *Holland* v. *Baker*, 3 Hare 69, in which Vice Chancellor WIGRAM is reported as saying that he took it to be the right of trustees, when sued touching matters affecting the trust property, *to insist* that the *cestuis que trust* should be brought before the court, for they are not the owners of the property, but only in a sense the agents for the owners, and it is their right to have the *onus* of resisting adverse claims thrown upon the parties really interested, and not on themselves.

A better reason for the rule seems to be given in 1 Daniel's Chan. Prac., 240, where it is said to depend upon the

intention of the court to do complete justice, by deciding upon and settling the rights of all the persons interested, in one action, so as to prevent future litigation, and to render the performance of the decree perfectly safe to those who may be compelled to act under it.

This is the rule established for the courts of equity, and it is substantially the same with the rule under the Code of Civil Procedure. *Gill* v. *Young*, 82 N. C., 273.

Such being the reason upon which the rule is founded, it must hold good as long as the reason lasts; and especially is it applicable to a trust like the present, in which each *cestui que trust* is directly interested in contesting every claim other than his own, as the fund is evidently insufficient to pay the whole. *Oates* v. *Lilly*, 84 N. C., 643 ; *Wordsworth* v. *Davis*, 75 N. C., 159.

Counsel for the appellant concedes that such is the general doctrine, but insists that it has no application to the present case, since here, the trustee has so far executed his trust as to have ascertained and declared the per centage due upon the debts secured in the trust, and this action is only to recover the plaintiff's dividend so declared to be due her.

If it appeared that the defendant, having had assets sufficient to pay all the creditors in full, had declared a dividend and paid all but the plaintiff, then unquestionably she could have her action at law, as for money had and received, against the defendant after demand and refusal, for then the parties in interest would be reduced to the plaintiff on the one hand and the defendant on the other. *Fitch* v. *Workman*, 9 Met., 517, and *Rush* v. *Good*, 14 Serg. and R., 226. And so she might, too, if as was the case in *Hoover* v. *Berryhill*, 84 N. C., 132, the distributive shares of each in a fund insufficient to pay all, had been ascertained in some judicial proceeding, to which all were parties, and so estopped from setting up a farther claim for more.

But in the case before us, it is apparent that the defend-

ant had not, and may possibly never have, a fund sufficient to discharge all the demands against the trust property, and therefore every other creditor, though he may have been partially satisfied, is directly interested in the question, as to whether the plaintiff's claim shall be allowed or not, for accordingly as that may be determined, will the shares of all the others in the assets yet to be distributed, be lessened or enlarged. They are all still concurrently interested, though perhaps unequally so, with the plaintiff, and a due regard for the protection of the defendant demands that they should be before the court, so as to be bound by the judgment, and render its performance safe as to him.

No error.                             Affirmed.