ALLEN WARREN, Trustee, v. GEORGE HOWARD and R. C. WARREN, Ex'rs of J. R. Thigpen.

*Trust and Trustee—Parties.*

Where the trustee, in a conveyance to secure creditors, died before fully administering the trust, and another person was appointed trustee under the statute—*The Code,* § 1276—*Held:*

1. The substituted trustee could maintain an action against the personal representatives, heirs at law or devisees of the deceased trustee for such portion of the trust estate as the original trustee was seized or possessed at his death.

2. That in such action it was not proper to make creditors of the trustee, whose demands were contested, parties, as they were not necessary to the settlement of the only issue raised, viz : the amount and custody of the unadministered trust estate.

(DAVIS, J., dissented.)

This was a CIVIL ACTION tried before *Shipp, J.,* at September Term, 1887, of PITT Superior Court.

On the 22d day of May, 1882, Frank L. Thigpen, being a merchant much embarrassed by debt, conveyed by deed of trust to James R. Thigpen, trustee, real and personal property, including credits of the value of about $25,000, with power to sell the property and collect the credits, and apply the fund so collected to the payment of the debts classified and mentioned in the deed in the order therein directed. The trustee sold the property and collected such of the credits as he could, realizing $23,127.20. He disbursed of this sum $19,785.62 in the payment of the trust debts embodied in classes 1, 2, 3 and 5 and commissions due to himself. He also paid to A. T. Bruce & Co., creditors of the sixth class in the deed, on account of the debt due them, $709.31. Afterwards the last named creditors obtained judgment against the trustee for $2,215.24, including interest and for costs.

Afterwards, in April of 1886, the trustee died testate, and the defendants duly qualified as executors of his will, and the plaintiff was duly appointed trustee in the said deed of trust *vice* James R. Thigpen.

. The plaintiff, such substituted trustee, having made demand upon the defendant executors for the balance of the trust fund in the hands of their testator at the time of his death, and payment thereof having been refused by them, brought this action.

The defendants admitted in their answer that there was a balance of the trust fund in the hands of their testator at the time of his death which came into their hands, but they further answer in respect thereto as follows:

" 6. The defendants are informed and believe that their testator received notice from creditors interested in the due execution of the trust not to pay the debt set forth in clause 4, and claimed by the administrator of Martha J. Thigpen, for that it was not a valid debt and they desired to contest the validity and payment of the same; that they have been further notified there is a judgment against their testator in favor of A. T. Bruce & Co., under the 6th clause of the deed of trust, and it is claimed that said judgment is a valid lien upon the trust fund and that their testator is personally responsible therefor as well as responsible out of the trust fund.

" 7. The defendants aver that to pay these two claims under clause 6, if both are valid, will require a larger sum than has come to the hands of their testator, and they set up a defence that the claim of Martha J. Thigpen, by her death, she not being indebted to any one which is averred by defendants, became the property of said F. L. Thigpen, and as such was extinguished under the trust as claimed by other creditors, and that the judgment of A. T. Bruce & Co., the regularity and validity of which they ask to have determined before the fund shall be taken from them. That the same was based on the invalidity of said claims either for the above

cause or being invalid at the time of the execution of the trust. That if said judgment is valid and their testator responsible therefor, they ask that the same be decreed to be paid out of the fund. That as representing their testator they stand ready, as they have at all times done, to account for and pay over the fund to whomsoever the law may direct under a decree of this Court.

Wherefore the defendants ask the Court that A. T. Bruce & Co. and all other creditors and parties interested in the distribution of said trust fund, may be brought into Court so that such decree may be made in the premises as will protect the defendants in the due and proper discharge of their respective duties as executors aforesaid.

The Court gave judgment as follows:

"It is adjudged that the plaintiff recover against the defendants judgment for the sum of $2,855.99, with interest from 25th September, 1887, on $2.632.21 until paid, out of the trust fund, including the cost in Hearne, administrator of Martha Thigpen v. J. R. Thigpen, which is to follow this case. That after paying the costs and expenses and reserving to himself proper commissions and counsel fees, the plaintiff shall hold the residue of the fund until the rights of the various creditors secured in said trust shall be ascertained."

From this judgment the defendants appealed, and assign as error:

1. The Court erred in refusing to grant the defendants' prayer in asking that A. T. Bruce & Co. be made a party, so that the validity of the judgment, a copy of which is hereto attached and marked "D" might be passed on before the fund should be taken from them, if the fund ought to be applied to said judgment, and if not binding on the fund in its entirety, that a reference might be had to ascertain how much of said fund should be applied to said judgment.

2. The Court erred in refusing to have all other creditors

and parties interested in the distribution of said trust fund made parties in this action, so such decree will protect the defendants in their duties.

*Mr. John Devereux, Jr.,* for the plaintiff.
*Mr. George V. Strong,* for the defendants

MERRIMON, J., (after stating the case).   The testator of the defendants was a trustee of an express trust, having in his hands at the time of his death a considerable part of the trust fund with which he was charged by the trust that he had not distributed to the creditors entitled to have the same.   This it appears passed into the hands of the defendants, the executors of his will, not to be administered by them—they have and hold it for no such purpose—but simply to turn the same over to the substituted trustee, *vice* their testator, the deceased trustee.   *University* v. *Hughes,* 90 N. C., 537.

The plaintiff was duly appointed such substituted trustee, as allowed by the statute, (*The Code,* §1276,) which authorizes and empowers the Clerk of the Superior Court of the county where the deed of trust was executed, as in the statute provided, "to appoint some discreet, competent person to act and execute the said deed of trust according to its true intent and meaning, and as fully as if appointed by the parties to the deed."

This provision plainly and necessarily implies and contemplates that the trustee so appointed must have possession and control of and dominion over the trust property just as the original trustee had, of course subject to the control of the proper Court upon due application asking its interference.   Otherwise the substituted trustee could not execute the various provisions of the deed, dispose of the property, pass the title thereto, collect debts and administer the trust fund as contemplated by it.

Incident to the right of the trustee to so have the property of the trust of whatever nature, is his right to sue for and recover the same in a proper action for that purpose, when it is unlawfully withheld from him. It may be that the legal title to the trust property, in cases like the present one, if the property be real estate, passes to the heir-at-law of the deceased trustee, and if personalty, to the executor or administrator, as was held in the case of *Guion* v. *Melvin*, 69 N. C., 242; but the heir and personal representative hold simply the legal title for the substituted trustee and should pass the same to the latter, to the end he may properly execute the trust as intended by its terms and as contemplated by the statute. The trust must be administered by the trustee—the statute so provides.

This action is brought by the substituted trustee only for the purpose of recovering from the executors of the will of his deceased predecessor the remainder of the trust fund in their hands, which they have refused to surrender to him. It is not any part of its purpose to litigate and settle the rights of parties claiming an interest in the trust fund, or to administer it at all—the purpose is to enable the trustee to obtain possession of it, and then, as suggested by the Court below in its judgment, the trustee or the *cestui que trust* may, if need be, bring an action for the purpose of settling the rights of parties claiming, and the distribution of the fund.

In this action the only proper thing to be done was to ascertain what the remainder of the trust fund in the hands of the defendants was, and give judgment in favor of the plaintiff for the same. This seems to have been done.

The assignments of error do not extend to the judgments directly, but to the refusal of the Court to order that A. T. Bruce & Co., creditors, and all other persons interested in the trust fund, be made parties to the action; thus practically turning it into an action to settle and administer the fund in the hands of the defendants. This cannot be done.

WARREN v. HOWARD.

Certainly it cannot, unless by agreement of all parties, with the sanction of the Court. Because to do so would be to incorporate into the action a multiplicity of inconsistent causes of action, and bring into it parties more or less numerous, having diverse rights, the settlement and determination of which, in this action, would lead to confusion. To recover the balance of the trust fund and have it in hand to be administered, as the plaintiff seeks to do by this action, is distinct and essentially different from the purpose of an action brought by the plaintiff to have settled the conflicting rights of creditors of the fourth and sixth classes to share in that fund, as provided in the deed of trust. In the present action A. T. Bruce & Co. and other creditors are not parties necessary to a complete determination of the matter in litigation. They will, however be proper parties in an action brought to close the trust and settle their respective rights to share in the trust fund. If in such action it should turn out that A. T. Bruce & Co. were entitled by virtue of their judgment named against the first trustee or their debt on which it is founded, to share in the trust fund, they would be allowed to do so, otherwise they would not. The Court could not in any case hear and determine in this action any question as to the regularity or propriety of their judgment; it could not set it aside for irregularity, error or fraud; taking it to be such a judgment, as it appears to be, it could not be attacked in this or any action collaterally.

The assignments of error cannot be sustained, and the judgment must be affirmed.

Affirmed.

DAVIS, J., (dissenting). This action is brought by Warren, the new or substituted trustee, against the executors of the deceased trustee to recover a sum of money in their hands which came to their testator as trustee.

The defendants allege that there are conflicting claims to the fund; that the administrator of Martha J. Thigpen asserts a claim to it, and that A. T. Bruce & Co. also assert a claim to have a judgment which they obtained against their testator for a debt in the 6th class paid out of the fund, and that the fund is not sufficient to pay these claims if it shall be adjudged that both are to be paid. They ask to have the validity and regularity of the judgment against their testator determined, and "if said judgment is valid and their testator responsible therefor they ask that the same be decreed to be paid out of the fund." It came rightfully into their hands, subject to the trusts which attached to it in the hands of the testator.

As was said by the Court in *Guion* v. *Melvin*, 69 N. C., 242, upon the death of the trustee "the real property descends to the heirs and the personalty goes to his administrator (or executor) clothed with the trusts."

I think the executor or administrator, if there is no doubt or dispute as to the right of the *cestui que* trust to receive the fund, may safely pay it directly to such *cestui que* trust without waiting for the appointment of a new trustee, and such payment would be a discharge of the estate of his testator; but if there be any doubt or question as to who is the proper person to receive the fund, or if the testator or intestate has incurred any liability in respect to the trust property, he has a right to have that question settled before he is required to part with it, and in the settlement of that question (which under the old practice was of equitable jurisdiction) he has a right to have all conflicting claimants made parties.

Under the old practice would not the settlement of this trust have been a subject of equitable jurisdiction, and would not the Court have required all parties interested to be before it?

If the testator was living would he not have the right to demand, before parting with the fund, that all conflicting

claims thereto be determined? If so, is it not equally clear that his executors who find the fund in their hands not simply the subject of conflicting claims between *cestui que* trusts, but with a responsibility of their testator, protected before they can be required to surrender the fund? If it shall be that the judgment of A. T. Bruce & Co. ought to be paid out of the trust fund, but the substituted trustee when he gets the fund in his hands shall refuse to pay it and the executors of the deceased trustee shall be made to pay it under the judgment against their testator, will they not be subrogated to the rights of Bruce & Co., and have cause of action against the plaintiff?

It will not do to say that that is not probable, for that is the very question that they ask to have settled in this action, and which is resisted.

RUFFIN, J., in *Hoover* v. *Berryhill*, 84 N. C., 132, says "that Courts of Chancery had but few, and those very simple rules, for determining the proper parties to a suit, and that a leading one was that every person who had an interest in the subject matter of the suit should be a party thereto, and this with the twofold idea of making it safe for the defendant to perform the decree and of avoiding unnecessary litigation." Again in *Barrett* v. *Brown*, 86 N. C., 556, it is said " a better reason for the rule (requiring all parties to be before the Court) seems to be given in 1 Daniel's Chancery Practice, 240, where it is said to depend upon the intention of the Court to do complete justice by deciding upon and settling the rights of all the persons interested in one action, so as to prevent future litigation and to render the performance of the decree perfectly safe to those who may be compelled to act under it."

I think that the conclusion at which I have arrived, that the defendants have a right to the protection asked for by them, is fully warranted by the cases cited and the authori-

ties referred to in them, and by Adams in his treatise on Equity, § 315, *et seq.*

Where an interest exists which requires protection, it is possible that a claim exists in respect to that interest, and the defendant is entitled to have all such claims settled together, so that the matter may be completely and effectually disposed of.

The judgment in this very action seems to be pregnant with the "future litigation" indicated by the answer of the defendants. It provides " that after paying the costs and expenses and reserving to himself proper commissions and counsel fees, the plaintiff shall hold the residue of said fund until the rights of the various creditors secured in said trust shall be ascertained."

If the testator of the defendants has incurred any liability in respect to the trust fund in their hands as executors, and that is one of the rights " to be ascertained," why may it not be—why ought it not to be—settled in this action? Why subject them to the hazard of having to pay the judgment of Bruce & Co. against their testator and then litigate with the very plaintiff in this action, the question now raised as to whether it ought not to be paid out of the trust fund ?