### W. R. LANEY v. HUTTON AND BOURBONNAIS.

(Filed 2 December, 1908).

1. **Justice's Court—Summons—Service on Non-Resident of County —Appearance—Waiver.**

    By entering a general appearance and demurring, a non-resident defendant of the county waives or cures the defect, in proceedings against him in a Justice's court, for want of service of summons ten days preceding the trial, as prescribed by Revisal, sec. 1451.

2. **Judgments — Justice's   Court — Summons—Service—Irregularity —Voidable.**

    A judgment against a non-resident defendant of the county, obtained in a Justice's court without having had the ten days' previous service of the summons, as required by Revisal, sec. 1451, is not void but irregular, or, at most, voidable.

**3. Pleadings—Joinder of Actions—Demurrer—Misjoinder—Defense by Answer.**

When it appears, both by the summons and Justice's return, in an action brought in his court, that the plaintiff alleged a joint demand against the several defendants, a demurrer of defendants in the Superior Court for misjoinder of separate actions will not be sustained, as the allegations of the complaint must be taken as true, and such defense should be by way of answer. Revisal, sec. 477.

**4. Evidence—Declarations—Objections and Exceptions—Appeal and Error.**

Declarations made by a party and testified to on the direct examination by a witness, not objected to at the time, and gone fully into on cross-examination, cannot be considered on appeal.

**5. Evidence—Nonsuit.**

When there is some evidence that defendant had acknowledged his liability for a debt sued on, a motion for judgment as of nonsuit upon the evidence should be disallowed.

CIVIL ACTION tried before *Ferguson, J.,* and a jury, June Term, 1908, of CALDWELL. Defendants appeal.

*M. N. Harshaw* for plaintiff.
*Mark Squires* and *E. B. Cline* for defendants.

WALKER, J. This action was brought before a Justice to recover an indebtedness by the defendants to the plaintiffs for work and labor performed at their request.

The summons was issued 16 January, 1907, to Caldwell County for Will Wilkerson, who resided therein, and to Catawba County for Hutton and Bourbonnais, returnable 1 February, 1907. It was served on Hutton and Bourbonnais 28 January, 1907. They did not appear, and the Justice gave judgment for the plaintiffs on 1 February, 1907. Defendants afterwards appealed to the Superior Court. The defendants, Hutton and Bourbonnais, alone appealed to this Court. The jury returned a verdict for the plaintiffs, and judgment was entered thereon.

In the Superior Court, the defendants demurred for misjoinder of causes of action as each plaintiff had a separate

cause of action. The defendants Hutton and Bourbonnais contended here that the action should be dismissed, as the Justice entered judgment when the summons had not been served ten days before the day on which it was returnable, contrary to Revisal, sec. 1451. The irregularity in this respect was waived, as the defendants did not appear before the Justice and ask for further time to plead, nor did they move before him to set aside the judgment, nor did they move in the Superior Court to dismiss, if that would have been a proper motion, but they entered a general appearance and demurred and, besides, have had full opportunity to plead to the merits and have the issues tried by a jury. The defect in the Justice's proceedings was thereby waived or cured. *Roberts v. Allman,* 92 N. C., 391; *Wheeler v. Cobb,* 75 N. C., 21. Section 1451 of the Revisal was evidently intended to afford the defendants a reasonable opportunity to appear and plead. The judgment was not void but irregular, or, at most, voidable. *Guion v. Melvin,* 69 N. C., 242; *Strayhorn v. Blalock,* 92 N. C., 293.

The demurrer for misjoinder was properly overruled, as it appears from the summons and Justice's return that the plaintiffs alleged that the debt was due to the plaintiffs jointly and not severally. If this was not true, the objection should have been taken by answer, for in passing upon the defendants' demurrer, we can consider only the allegations of the complaint. Revisal, sec. 477.

With regard to the declarations of Wilkerson, it may be said that the plaintiff, W. R. Laney, testified, without objection, that Hutton had told him that Wilkerson was working for Hutton and Bourbonnais and, on cross-examination by the defendants, he further testified as fully in regard to the matter and to the same effect.

The motion to nonsuit upon the evidence was properly overruled, as there was sufficient evidence to establish the

We have examined the numerous exceptions and find no error in the rulings of the Court. The exceptions not mentioned by us require no special discussion.

No error.