---

### IRREGULAR RETURN ON A SUMMONS IN ERROR.

Circuit Court of Summit County.

NATHAN MORRIS ET AL v. THE B. & O. RAILROAD COMPANY.

Decided, April 12, 1911.

*Summons on Petition in Error—Return Irregular, But Sufficient, when.*

1. No amendment can be made to a summons which will falsify the sheriff's return thereof.
2. Notwithstanding General Code, Section 12259, provides that a summons on a petition in error to the circuit court if issued in term time shall be made returnable on a day therein named, still a summons so issued and made returnable on or before the first day of the next term of court is sufficient though irregular, and service thereof will not be set aside.

*Holloway & Chamberlain*, for plaintiff in error.
*Allen, Waters, Young & Andress*, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

This case is before us on a motion to set aside the service of summons issued on the petition in error.

The ground of the motion is that the summons is not in conformity with the provisions of the statute providing for such summons.

Section 12259, General Code, so far as it need here be considered, after providing for the filing of a petition in error reads:

"Thereupon a summons shall issue and be served, or publication made as in the commencement of an action.    *    *    *    The summons shall state that a petition in error has been filed in the case.    If issued in vacation, it shall be returnable on or before the first day of the term of court; if issued in term time, on a day therein named."

The summons in this case was issued on the 18th day of November, 1910, which was a day in the October term of this circuit court.    The summons was made returnable on the first day of the next term of said circuit court.    The return of the sheriff on the summons shows that it was served upon the attorney of record of the defendant in error on the 22d day of November, 1910.    It will be noticed that the return day in the summons was made as though the summons had been issued in vacation.    It will be further noticed by reading the summons that the order as to its return is directed to the sheriff.    It is he to whom these words in the summons are addressed:    "You will make due return of this summons on or before the first day of the next term of said circuit court."    It was suggested on the argument that possibly there might be an amendment ordered with reference to this summons, and counsel for the plaintiff in error, following such suggestion, has filed a motion asking for an amendment to the summons and suggesting that the return day be made December 1, 1910.    It seems clear that no amendment can now be made to this summons which will cure any defect therein.    Amendments are allowed in proceedings in court, and especially upon a return made on a summons and other writs, to conform to the facts, but here, if an amendment were made, as suggested in the motion, or any amendment which should fix a day certain for the return of this summons, we should have the curious situation of having by an order of court falsified the return of the sheriff.    For the sheriff says in his return that he "served the same by handing a true and attested copy thereof with the endorsements, thereon," etc.    If the summons is changed

to read, as suggested, this return of the sheriff would not be true, because we should have then to fix a summons, a true copy of which he did not serve on anybody. It seems clear, therefore, that no amendment can help out any defect in this summons. And this brings us to the question whether there is a fatal defect in the summons, so as to render it void. We have reached the conclusion that there is no such fatal defect. The purpose of the summons is to notify the defendant in error that proceedings have been commenced, seeking a reversal of the judgment of the court below. That is the only purpose of the summons. That notice was received by the defendant in error and received at a time sufficiently long before the opening of the next term of court to give him all the time for preparation which could reasonably be necessary.

It is suggested on the part of the defendant in error, that when the statute provides that a summons issued in term time shall be made returnable on a day certain, it necessarily means a day within the term. This is clearly not tenable, because neither the clerk nor the attorney who files the precipe for the issuing of the summons can know when the term will close. He does know, however, whether or not the summons is being issued during the term of court, and clearly the intention of the statute was to have a day certain fixed and that if that day certain should turn out to be a day within the term, the case might be ready for hearing at that time, and if that day certain should turn out to be a day after the adjournment of the term, the case would not stand for hearing until the next term, but in no event would the day for hearing be later than the next succeeding term, unless it should be that the day certain is later than the beginning of the next term.

Counsel for defendant in error call attention to Volume 20, *Encyclopedia of Pleading and Practice,* at page 1159, and to cases cited, under paragraph C, note 4, on that page. The language of the text in the citation referred to reads:

"All writs must be returnable, as provided by law, and the return day can not be extended beyond that fixed by the statute for the purpose. A writ not returnable, as provided by law, as where a less number of days intervene between its teste and the return day than the statute requires, is fatally defective."

Many of the cases cited have been examined and in several of them it appears that the summons being considered was a summons issued by a justice of the peace in which the party is notified in the summons of when his case will be for trial; and in the other cases it is where a summons is issued upon a petition filed in a nisi prius court, where the summons indicates to the party when he will be required to answer to the petition. The summons in these cases are clearly distingishable from the summons required to be issued by our statute in proceedings in error. No time is fixed either by the summons or by the statute for an answer to be filed. No answer is required. The defendant is simply notified that a petition has been filed, and by examining the summons he knows when the sheriff is required to make return of the writ, and thereby he knows when the case will be ready for hearing in court.

The Supreme Court of Wisconsin, in the case of *Porter* v. *Vandercook,* 11 Wis., 70, had this situation before it. An action was commenced in June, 1859. Summons required the appellant to answer within twenty days, whereas the statute provided that the answer should be filed within ninety days from the service of summons, and the court said in the syllabus:

"Though the better practice would be to state the true time prescribed by law for the defendant to answer the plaintiff, yet it is not error to state that the answer must be made in twenty days."

In the opinion at page 71, it is said:

"Perhaps, the better practice is to specify in the summons the true time as prescribed by law for the defendants to answer the plaintiff. Still, this court held, in the case of *Lawrence* v. *Brown,* decided at the January term, 1859, not reported, that the phraseology of the summons in this particular was not material; that the defendant must be presumed to know the law and the time which it gave him to answer; and that therefore a summons should not be set aside even though it did not conform to the law in that respect, and require the defendant to answer according.

"This was the extent of the decision in that case and upon so unimportant a question of practice, must be considered decisive as to the objection taken to the summons in the present

case. The appellants undoubtedly well knew that the law gave them ninety days to answer the plaintiff and were not misled by anything which the summons contained.''

In the case of *Guion* v. *Melvin*, 69 N. C., 242, it is said in the syllabus:

''A summons served on a defendant commanding him to answer on a day certain, which day is less than twenty days from the time of the service, is not necessarily on that account void, and the probate judge is not bound to dismiss it. He should have allowed the defendant the time allowed by the code for an appear-. ance.''

The court stated the case in these words, at page 243:

''The defendants appeared before the judge of probate and objected that the summons was irregular, because it commanded the sheriff to summon the defendants to answer the plaintiff on a day certain. That twenty-one days had not elapsed from the time when the summons was *served* on the defendants before the day set for its return. That under the code of civil procedure the defendants were entitled to twenty days, to which one day is to be added for every twenty-five miles travelled in which to answer the plaintiff, and the defendants can not be required to answer in a less time. The defendants therefore moved to dismiss the proceeding.

''The court being of opinion that the defendants could not be required to answer the plaintiff within a shorter time than twenty-one days, counting from the service of the summons, allowed the motion and dismissed the proceeding. From this judgment the plaintiff appealed.''

And in discussing the question the court at page 248 quotes the statute as follows:

''It (the summons) shall command the officer to summon the defendant to appear, etc., within a certain number of days after the service, exclusive of the day of service to answer, etc. The number of days shall in no case be less than twenty.''

And then goes on to say:

''In the present case the plaintiff made the summons returnable on a day certain, and not on a certain day after service. We do not say that this deviation from the statute form is such an irregularity as will make the summons void, although it is

always best and safest to follow the form prescribed by the code. But clearly the defendant can not be deprived of any right by such an irregularity. He is not obliged to appear until the twentieth day after service, exclusive of the day of service, and any proceeding had before that day is null and void. We think the probate judge was not bound to dismiss the proceeding for the irregularity but that he should have allowed the defendants the time allowed by the code for an appearance. As that time has long since expired, when the case is remanded to him, it will be his duty to allow them a reasonable (which will be generally twenty days) after notice of the remanding, within which to appear and answer. He will then proceed as required by law.''

The reasoning of these two cases seems to us to be sound. No possible prejudice can come to the defendant in error by requiring him to appear to this summons, and whether or not it were a summons which required him to answer on a given day we should hold the summons good, we *do* hold in the present case that notwithstanding the irregularity in the summons as to the day on which the sheriff was to make return, the service will not be dismissed, and the motion to dismiss is overruled.

As to the motion made by the plaintiff in error, we suggest that it be withdrawn. If it is not withdrawn, it is overruled.