BANK OF UNION v. NAN CARLILE.

(Filed 28 November, 1917.)

**Justice's Courts—Nonresidents—Process—Statutes—Time to Answer—Jurisdiction—Motions.**

The provision of Revisal, sec. 1451, that a justice of the peace shall not enter a judgment against a nonresident defendant unless it shall appear that process was duly served at least ten days before the return day, is not jurisdictional; and where, upon special appearance of defendant for the purpose of dismissing the action, he was given more than ten days thereafter to answer or defend, which he refused to do, the justice's judgment will not be disturbed.

APPEAL from justice of the peace, tried before *Webb., J.,* at February Term, 1917, of UNION.

There was a verdict and judgment for plaintiff. The defendants, H. A. DeCover and wife, appealed.

*Stack & Parker for plaintiff.*
*J. A. McNorton and Frank Armfield for defendants.*

BROWN, J. This action was instituted before a justice of the peace of Union County for the recovery of $200 on promissory notes against Mrs. Nan Carlile, a resident of Union County, and H. A. DeCover and Mrs. H. A. DeCover, residents of New Hanover County. The summons was issued on 24 November, 1916, and was served on H. A. DeCover and Mrs. H. A. DeCover on 2 December, 1916, and was returnable on 8 December, 1916. On return day those defendants, by attorney, entered a special appearance before the justice and moved to dismiss the action for the reason that the summons was not served upon them for more than ten days before return day. The court found that the summons was served on said defendants less than ten days before return day of same. The court then took an *advisari* on the motion to dismiss until 12 December, 1916, when the court overruled the motion. Defendants excepted.

Upon motion of the plaintiff, the cause was continued until 22 December, 1916, in order, as stated by the court, that the defendants have time to file answer to the plaintiff's complaint. On 22 December, 1916, judgment was rendered against the defendant Carlile upon admissions, and against defendants DeCover, after hearing evidence of the plaintiff, for the sum of $200, interest and costs.

In the Superior Court the defendants in apt time made a special appearance, through their attorney, and moved to dismiss the action and vacate the judgment rendered by the justice of the peace, for irregularity, in that in the said action defendants being nonresidents of Union County

BANK *v.* CARLILE.

the service of summons therein was had within less than ten days of the return day named therein. The motion was overruled, and the defendants excepted.

Defendants assign error:

1. Failure of the justice of the peace to dismiss the action as to appellants.

2. Failure of the judge to dismiss the action and vacate the judgment as to appellants.

The defendants rely on Revisal, sec. 1451: "No justice of the peace shall enter a judgment under the two preceding sections against any defendant who may be a nonresident of his county unless it shall appear that the process was duly served upon him at least ten days before the return day of same."

We are of opinion that the motion of defendants was properly overruled.

The provision of the statute is not jurisdictional. The justice had jurisdiction over the parties and the subject-matter. Had he rendered judgment within the ten days, in the absence of the defendants, it would not have been void, but only voidable. Upon motion, it would have been the duty of the justice to set the judgment aside and give the defendants the proper time within which to answer.

It appears from the record that the defendants had from the 2d day of December, when the summons was served, to the 22d of December, when the judgment was rendered, within which to make their defense. On the return day of the summons the justice took an *advisari,* and then very properly gave defendants ample time within which to answer the complaint. We see nothing in the conduct of the justice of which defendants can justly complain.

We do not regard *Fertilizer Co. v. Marshburn,* 122 N. C., 411, cited by defendants, as in point. In that case a justice in Duplin County issued a summons for defendant in Sampson, addressing the summons "to any constable or other lawful officer of Duplin County." The summons was served on the defendant by an officer of Sampson. The court decided that for this reason the summons was improperly issued and improperly served, and did not bring the defendant into court.

A case more in point is *Laney v. Hutton,* 149 N. C., 264. In that case summons was issued by a justice of the peace on 16 January, returnable on 1 February. It was served on defendants, resident in another county, on 28 January. Judgment was entered against said defendants, in their absence, on 1 February, and they afterwards appealed to the Superior Court. In the Supreme Court they moved to dismiss the action because the summons was served within ten days of the return date.

40—174

The Court held that the action should not be dismissed, saying: "The judgment (of the justice) was not void, but irregular, or, at most, voidable." Of course, if the defect had been jurisdictional, the judgment would have been void. In this case the court gives us the purpose of the statute, saying: "Section 1451 of the Revisal was evidently intended to afford the defendants a reasonable opportunity to appear and plead."

No error.